**BANNING LLP**
William L. Banning, SBN 75757
wbanning@banningllp.com
Kathryn L. Garrett, SBN 140863
kgarrett@banningllp.com
6127 Summit Crest Circle
San Diego, CA 92130
Phone: 858-756-0056
Fax: 858-756-0003

**Mailing Address:**
PO Box 9600
Rancho Santa Fe, CA 92067-9600

Attorneys for Plaintiffs RICK LANGFORD

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### EASTERN DIVISION

| | |
|---|---|
| RICK LANGFORD, an individual, | Case No. 5:24-cv-00384 |
| Plaintiffs, | **COMPLAINT FOR MARITIME PERSONAL INJURIES** |
| v. | |
| PRINCESS CRUISE LINES, LTD. DBA PRINCESS CRUISES, an unknown business entity, and DOES 1-20, inclusive, | |
| Defendants. | |

COMES NOW Plaintiff Rick Langford (hereinafter "Plaintiff") and complains of Defendant PRINCESS CRUISE LINES, LTD., DBA PRINCESS CRUISES, an unknown business entity, and DOES 1 through 20, inclusive, and alleges in this Complaint as follows:

# I.

# **GENERAL ALLEGATIONS**

1. At all times relevant to this action, Plaintiff RICK LANGFORD ("Plaintiff") was and is a citizen of Banning, CA.

2. Defendant PRINCESS CRUISE LINES, LTD. is a corporation organized and existing under the laws of the country of Bermuda, doing business as Princess Cruises with its principal place of business in Santa Clarita, California and is authorized to do, has regularly done, and is doing business in the State of California and has systematically conducted business on a regular basis in the State of California under and by virtue of the laws of the State of California.

3. Plaintiff is ignorant of the true names and capacities of the Defendants sued herein as DOES 1 through 20 and therefore Plaintiff sues these Defendants by such fictitious names. Plaintiff will amend the Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes that each of the fictitiously-named Defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were legally caused by such Defendants.

4. Plaintiff is informed and believes that all of the Defendants, including those sues as DOES 1 through 20, were and are agents, alter egos, partners, joint venturers, co-conspirators, principals, shareholders, servants, employers, employees and the like of their co-Defendants, and in doing the things hereinafter mentioned, were acting within the course and scope of their authority as such agents, alter egos, partners, joint venturers, co-conspirators, principals, shareholders, servants, employers, and employees and the like with the permission, ratification or consent of their co-Defendants and this legally liable for damages resulting from the acts or omissions of the others.

5. At all times herein mentioned, Defendants and DOES 1 through 20, and each of them, owned, operated, managed, maintained, controlled, chartered and

navigated the subject VESSEL, IMO number 9293399, a Bermuda flag vessel afloat upon navigable waters of the high seas. At all times herein mentioned, said VESSEL was operated as a cruise ship, carrying paying passengers on recreational cruises between, among other routes, to and from San Pedro, California via Oahu, Hawaii and Ensenada, Mexico.

6. Jurisdiction in this case is based on Admiralty and Maritime Jurisdiction under 28 U.S.C. §§ 1333. The substantive and procedural law of the General Maritime Law of the United States as well as any applicable federal statutes apply in this case.

7. This Court has personal jurisdiction over Defendants on the basis that Defendants have consented to personal jurisdiction, conduct, or transact substantial business activities and contract to supply goods or services in this jurisdiction and has purposefully availed itself of the jurisdiction of this Court by transacting business in this jurisdiction.

8. Venue is proper by reason of Defendants' activities in the district and by reason of the terms of the ticket issued by Princess Cruises to Plaintiff for the subject cruise contained certain terms and conditions, including an allegedly valid provision that any lawsuit be filed in the United States District Court for the Central District of California in Los Angeles.

9. This action arises out of a maritime casualty ("INCIDENT") which occurred on the high seas on board the M/V CROWN PRINCESS, a cruise ship ("VESSEL"). The INCIDENT occurred on March 5, 2023, while Plaintiff was being carried as a paying passenger by Defendants on the VESSEL, having boarded the VESSEL in reliance on the representations of the Defendants and for the financial benefit of Defendants.

10. The INCIDENT occurred as Plaintiff and his friend, Cathleen Ayers, were in the lounge/theatre sitting in the front row enjoying a show when Plaintiff, without prior notice, was enthusiastically called on stage by the performer. The

stage is approximately eighteen (18) inches in height from the level of the main floor where guests are seated. The only means by which Plaintiff could get up on the stage was to step from the main floor to the stage. When Plaintiff was attempting to get on stage, the extreme height of the stage caused him to lose his balance and he fell, breaking his right arm. During the evolution of his attempt to get up on the stage, no one on the stage offered to lend a helping hand. Plaintiff got up and managed to successfully step up onto the stage. However, once up on the stage, the intensity of his pain increased to the point that he fainted. When he fainted, he fell from the stage, breaking his left clavicle and hitting the back of his head. He was taken to the infirmary to see the ship doctor at approximately 8:00 p.m. that night, where he stayed until released at approximately 1:00 p.m. the following day, March 6, 2023.

11. Plaintiff is informed and believes that standard safety protocol required the stage crew to place an intermediate step between the stage and the seating area floor. This intermediate step was not present at the time of Plaintiff's fall. The day after his fall, Plaintiff and his girlfriend returned to the lounge/theatre and observed that an intermediate step riser had been placed in front of the stage, which was missing at the time of the Incident.

## II.
## FIRST CLAIM FOR RELIEF
### (General Maritime Negligence)

12. Plaintiff refers to and by that reference incorporates as through fully set forth herein each and every allegation contained in paragraphs 1 through 11, above.

13. On or about March 2, 2023, Plaintiff had been invited and directed to board the VESSEL by the Defendants and to participate in a cruise on board the

VESSEL and to receive the educational and recreational services and cabin accommodations advertised and offered to the public by Defendants. In so doing, Plaintiff entrusted his safety and welfare to the Defendants and their VESSEL, captain and crew, and the Defendants in turn owed a duty of reasonable care to Plaintiff to provide a safe environment, including cabins, doorways, stairs, and other spaces of the VESSEL free of hazards such that passengers, including Plaintiff, could move about the VESSEL safely. At all times herein mentioned, Defendants owed to Plaintiff a duty to warn Plaintiff of any unsafe conditions and/or hazardous areas on the VESSEL which Defendants knew or should have known existed.

14.     In the course of discharging their duties owed to the passengers, including Plaintiff, Defendants, and each of them, breached their obligations, promises and duties of care to Plaintiff by the following wrongful acts or omissions, including but not limited to:

a.     Failure to provide Plaintiff with a safe environment to participate in the cruise experience advertised and sold to Plaintiff;

b.     Failure to adequately equip entertainment stages with an intermediate step as a means of safe access for passengers such as Plaintiff who are accessing the elevated stage from the main level of the audience seating area.

c.     Failure to design, engineer, install, inspect and/or maintain access points to entertainment stages.

d.     Failure to establish, implement and install safe, adequate, and functioning safeguards on Vessel access points, including the entertainment stage where Plaintiff's injuries occurred.

e.     Failure to comply with applicable laws, statutes, regulations, and standards enacted to promote safety at sea, including, but not limited to,

American Bureau of Shipping standards applicable to safe passage of VESSEL passengers through points of access, including onto the subject stage, and all other applicable laws, statutes, regulations, and standards which obligated Defendants to provide passengers protection from hazards at all times.

f. Failure of the performer, stagehand, or other employee to place an intermediate start riser in front of the stage prior to the entertainer calling Plaintiff up to participate in his act or to have a safe means of ingress and egress to the stage.

g. The dangerous and unsafe condition of the height difference between the stage and the floor surrounding it, including without limitation, the walking area, design, surface texture, irregular height differences between normal stair and stage heights and condition of the floor.

h. The lack of adequate safety training, instructions, oversight, and procedures with respect to the personnel involved with setting up the stage for audience members potentially participating in the act of the entertainer for the benefit of passengers including Plaintiff.

i. Failure to post adequate warning signs.

15. Defendants breached these obligations, promises and duties of due care in that VESSEL design, layout, maintenance, inspection, warnings and other acts and omissions of their employees, as outlined above, resulted in a hazardous, dangerous and/or defective condition which caused injury to Plaintiff.

16. As a legal and factual result of Defendants' breaches of duties and negligence, Plaintiff's falls as herein described resulted in serious physical injuries including, among other injuries, multiple fractured bones. Plaintiff was injured through no fault of his own but solely as a legal result of Defendants' beach of their duties as described.

17. As a further legal and factual result of Defendants' breaches of duties and negligence, Plaintiff has sustained and will continue to sustain special economic damages, including and without limitation, damages for past and future loss of income and damages for past and future medical and occupational expenses. As a further legal and factual result of Defendants' breaches of duties and negligence Plaintiff has sustained and will continue to sustain general non-economic damages, including without limitation, emotional distress, disfigurement, humiliation, grief, anxiety, loss of enjoyment of life and pain and suffering, all of which will be established at trial according to proof.

### III.
### SECOND CLAIM FOR RELIEF
### (Negligence of Common Carrier)

18. Plaintiff refers to and by that references incorporates as though fully set forth herein each and every allegation contained in paragraphs 1 through 16, above.

19. At all times herein mentioned, Defendants were owners and operators of a common carrier VESSEL on which Plaintiff was a paying passenger and as such, Defendants owed to Plaintiff the duty to use utmost care and diligence for his safe carriage on board the VESSEL and to exercise extraordinary vigilance and the highest skill to secure safe conveyance of Plaintiff. At all times herein mentioned, Defendants owed to Plaintiff a duty to warn Plaintiff of any unsafe conditions and/or hazardous areas on the VESSEL which Defendants knew or should have known existed.

20. Defendants breached their afore described to Plaintiff as a common carrier by the following wrongful acts or omissions, including, but not limited to:

    a. Failure to provide Plaintiff with a safe environment to participate in the cruise experience advertised and sold to Plaintiff;

b. Failure to adequately equip entertainment stages with an intermediate step as a means of safe access for passengers such as Plaintiff who are accessing the elevated stage from the main level of the audience seating area.

c. Failure to design, engineer, install, inspect and/or maintain access points to entertainment stages.

d. Failure to establish, implement and install safe, adequate, and functioning safeguards on Vessel access points, including the entertainment stage where Plaintiff's injuries occurred.

e. Failure to comply with applicable laws, statutes, regulations, and standards enacted to promote safety at sea, including, but not limited to, American Bureau of Shipping standards applicable to safe passage of VESSEL passengers through points of access, including onto the subject stage, and all other applicable laws, statutes, regulations, and standards which obligated Defendants to provide passengers protection from hazards at all times.

f. Failure of the performer, stagehand, or other employee to place an intermediate start riser in front of the stage prior to the entertainer calling Plaintiff up to participate in his act or to have a safe means of ingress and egress to the stage.

g. The dangerous and unsafe condition of the height difference between the stage and the floor surrounding it, including without limitation, the walking area, design, surface texture, irregular height differences between normal stair and stage heights and condition of the floor.

h. The lack of adequate safety training, instructions, oversight, and procedures with respect to the personnel involved with setting up the stage for audience members potentially participating in the act of the entertainer

for the benefit of passengers including Plaintiff.

i.   Failure to post adequate warning signs.

21.   Defendants breached these obligations, promises and duties of due care in that VESSEL design, layout, maintenance, inspection, warnings and/or other acts and omissions of their employees, as outlined above, resulted in a hazardous, dangerous and/or defective condition which caused injury to Plaintiff.

22.   As a legal and factual result of Defendants' breaches and negligence, Plaintiff's falls as herein described resulted in serious physical injuries including, among other injuries, multiple fractured bones. Plaintiff was injured through no fault of his own but solely as a legal result of Defendants' beach of their duties as afore described.

23.   As a further legal and factual result of Defendants' breaches of duties and negligence, Plaintiff has sustained and will continue to sustain special economic damages, including and without limitation, damages for past and future loss of income and damages for past and future medical and occupational expenses. As a further legal and factual result of Defendants' breaches of duties and negligence Plaintiff has sustained and will continue to sustain general non-economic damages, including without limitation, emotional distress, disfigurement, humiliation, grief, anxiety, loss of enjoyment of life and pain and suffering, all of which will be established at trial according to proof.

## IV.

## **PRAYER**

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, jointly and severally, as follows:

1. For economic special damages, non-economic general damages, and other allowable damages in an amount according to proof at trial;

2. For costs of suit;

3. For interest from the date of the incident herein alleged to the time of judgement;

4. For such other and further relief as this Honorable Court deems just and proper.

DATED: February 20, 2024 **BANNING LLP**

By: _____
WILLIAM L. BANNING, ESQ.
KATHRYN L. GARRETT, ESQ.
Attorneys for Plaintiffs Rick Langford